IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Mark Wolek, | Case No. 1:25-cv-00248-PAB |
| Plaintiff, | |
| -vs- | JUDGE PAMELA A. BARKER |
| Northern Ohio Surgery Center, LLC, | |
| Defendants. | MEMORANDUM OPINION & ORDER |

Currently pending before the Court is Defendants Northern Ohio Surgery Center, LLC, Reuben Gobezie, and Mary Meier's ("Defendants") Motion for Sanctions Under 28 U.S.C. § 1927 for Costs, Expenses, and Attorneys' Fees Associated with Plaintiff's Wrongful Filing of this Matter in New Jersey (the "Motion"). (Doc. No. 25, 25-1.)  On March 20, 2025, Plaintiff Mark Wolek ("Plaintiff") filed an Opposition to the Motion, to which Defendants replied on March 27, 2025. (Doc. Nos. 26, 28.)  For the following reasons, Defendants' Motion is DENIED.

I.  **Background**

On November 27, 2024, Plaintiff initiated this action by filing its Complaint in the New Jersey Superior Court.  (Doc. No. 1-2.)  On December 19, 2024, Defendants accepted service of the Complaint. (Doc. No. 1–2, PageID #25.)  On January 17, 2025, Defendants removed the case to the United States District Court for the District of New Jersey.  (Doc. No. 1.)  Upon removal, the Honorable Zahid. N. Quraishi was assigned to the case.

On January 23, 2025, pursuant to Judge Quraishi's judicial preferences, Defendants filed a pre-motion letter.  (Doc. No. 7.)  Therein, Defendants requested a "pre-motion conference regarding Defendants' anticipated Motion to Dismiss for lack of personal jurisdiction."  (*Id.* at PageID #55.)  In

making their request, Defendants relied, in part, upon Judge Quraishi's decision in *Crosson v. TMF Health Quality Inst.*, No. 20-18800 (NZQ), 2023 U.S. Dist. LEXIS 49371 (D.N.J. Mar. 22, 2023). (*Id.* at PageID #57.)  In *Crosson*, Judge Quraishi granted the defendants' motion to dismiss pursuant to Rule 12(b)(2) based on the defendants' only connection to New Jersey being their remote-work employment relationship with the plaintiff. *Id.* at *16–17. Defendants also cited *Higgins v. Newsmax Broad. LLC*, No. 2:23-cv-03628 (BRM) (AME), 2024 U.S. Dist. LEXIS 109248 (D.N.J. June 20, 2024) where a different Judge from the District of New Jersey observed that courts have "found that such convenience-based remote work arrangements were insufficient to show specific personal jurisdiction over the employers who permitted them, absent any other allegations or evidence showing the employers purposefully targeted or availed themselves of New Jersey." *Id.* at *23.  Notably, counsel for Plaintiff in this case also represented the plaintiff in *Crosson* and Plaintiff's counsel's firm represented the plaintiff in *Higgins*.

On January 30, 2025, Plaintiff filed his response to Defendant's pre-motion letter.  (Doc. No. 11.)  That letter reads "[w]hile Plaintiff believes this Court has jurisdiction over Defendants to hear this matter, for purposes of Defendants' letter, Plaintiff will consent to transfer of this action pursuant to 28 U.S.C. § 1631 to the Northern District of Ohio."  (*Id.* at PageID #63.)  That letter also reads "[i]n light of Your Honor's opinion in *Crosson v. TMF Health Quality Institute*, Civil Action No. 20-18800, 2023 U.S. Dist. LEXIS 49371 (D.N.J. Mar. 23, 2023) (in which the undersigned was counsel of record), Plaintiff will consent to transfer of this action pursuant to 28 U.S.C. § 1631." (*Id.* at PageID #64.)

Thereafter, on January 31, 2025, Judge Quraishi issued a Text Order in which he ordered counsel "to meet and confer and file an appropriate stipulation for the transfer of this matter to the

Northern District of Ohio by no later than 02/07/2025." (Doc. No. 12.) On February 6, 2025, the parties filed their Joint Stipulation to Transfer Venue to the United States District Court for the Northern District of Ohio, Eastern Division. (Doc. No. 13.) On February 7, 2025, Judge Quraishi ordered that this case be transferred to this Court. (Doc. No. 14.) That same day this case was transferred to this Court and the undersigned was assigned to the case. (Doc. No. 15.)

On March 7, 2025, Defendants filed their Motion for Sanctions. (Doc. No. 26.) On March 20, 2025, Plaintiff filed his Opposition, to which Defendants replied on March 27, 2025. (Doc. Nos. 26, 28.) Accordingly, Plaintiff's Motion for Sanctions is ripe for review.

In their Motion, Defendants argue that "Plaintiff's counsel's decision to file this case in New Jersey is indisputably sanctionable" because "[t]hey knew that the New Jersey state and federal courts lacked personal jurisdiction over Defendants" and "[t]he Complaint did not even attempt to establish personal jurisdiction." (Doc. No. 25-1, PageID #56.) Defendants further argue that "the very same judge that this matter came before in the District of New Jersey previously rejected [Plaintiff's counsel's] efforts to bring claims in New Jersey under identical circumstances" and that "Plaintiff's counsel's firm has recently had additional claims dismissed for lack of personal jurisdiction over individual defendants in *Higgins*." (*Id.* at PageID #57.) They assert that "[i]f there is any doubt that Plaintiff's counsel knowingly brought this lawsuit in a court that lacked jurisdiction, he effectively conceded as much in his January 23, 2025 response letter to Judge Quraishi, where he failed to present any argument in support of the Court's personal jurisdiction and instead acknowledged the *Crosson* decision." (*Id.* at PageID #58.)

In his Opposition, Plaintiff argues that his decision to file in the New Jersey Superior Court "was objectively reasonable and therefore did not fall short of the obligations owed by counsel to the

3

Court or knowingly disregard the risk of abusing the judicial system" because "[t]he Superior Court of New Jersey has exercised personal jurisdiction over out-of-state employers who terminate remote employees located in New Jersey in violation of New Jersey law." (Doc. No. 26, PageID #67–68.) Plaintiff further argues that "*Higgins* did not—and does not—foreclose personal jurisdiction under the facts of this case" and that *Crosson* is unpublished and nonprecedential. (*Id.* at PageID #69.) Plaintiff further argues that "the personal jurisdiction issues presented in remote work cases are novel." (*Id.* at PageID #70.) Plaintiff then argues that sanctions under Section 1927 "cannot be applied to an initial pleading because such (sic) cannot, by definition, multiply the litigation." (*Id.* (cleaned up).)[1]

In their Reply, Defendants argue that the New Jersey decision cited in Plaintiff's opposition "is largely devoid of analysis and lacks sufficient information to determine whether the facts actually align" and "is far from persuasive, especially in light of the fact that Plaintiff's counsel failed on this jurisdictional argument at least twice before filing the present lawsuit." (Doc. No. 28, PageID #95.) Defendants disagree with Plaintiff's characterization of the remote work case being novel and assert that "[t]he District of New Jersey has thoroughly analyzed this issue numerous times and has repeatedly declined to exercise personal jurisdiction over defendants whose only contact with the state of New Jersey is their employment of a remote worker who lives in the state." (*Id.* at PageID #97.) Defendants then argue that "Defendants do not contend that the mere filing of the Complaint itself renders the conduct of Plaintiff's counsel sanctionable, but rather, where they chose to file it."[2]

---

[1] Plaintiff also argues that Defendants failed to mitigate their damages by pointing to settlement communications. As explained below, the Court finds that Plaintiff's counsel acted in good faith. Accordingly, the Court declines to addresses Plaintiff's mitigation argument.

[2] Since the Court is not considering Plaintiff's mitigation argument, the Court will not summarize Defendants' argument in response.

4

(*Id.* at PageID #98.)

II.    **Analysis**

    A.    **The Court will not issue sanctions under 28 U.S.C. § 1927**

28 U.S.C. § 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

"Section 1927 sanctions are warranted when an attorney objectively 'falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party.'" *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006) (quoting *In re Ruben*, 825 F.2d 977, 984 (6th Cir. 1987)). "The purpose is to deter dilatory litigation practices and to punish aggressive tactics that far exceed zealous advocacy." *Id.* (citing *Jones v. Cont'l Corp.*, 789 F.2d 1225, 1230–31 (6th Cir. 1986)).

Sanctions may be appropriate "despite the absence of any conscious impropriety." *Rentz v. Dynasty Apparel Indus.*, 556 F.3d 389, 396 (6th Cir. 2009) (quoting *Jones*, 789 F.2d at 1230). "[T]he proper inquiry is not whether an attorney acted in bad faith; rather, a court should consider whether an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims." *Bojicic v. Dewine*, 145 F.4th 668, 673 (6th Cir. 2025) (quoting *Hall v. Liberty Life Assur. Co.*, 595 F.3d 270, 275 (6th Cir. 2010)). "An award of fees under the statute thus requires 'a showing of something less than subjective bad faith, but something more than negligence or incompetence.'" *Hall*, 595 F.3d at 276 (quoting *Rentz*, 556 F.3d at 396).

Upon review of the record, and applicable New Jersey and federal law, the Court finds that

sanctions are not appropriate under § 1927.  The Court finds that Plaintiff's counsel's conduct did not objectively fall short of the obligations owed by a member of the bar to the court.  The Court does not find that Plaintiff's counsel knew or reasonably should have known that pursuing this case in the New Jersey Superior Court was frivolous.  Put simply, Plaintiff's counsel had a good faith basis to file the Complaint in the New Jersey Superior Court.

Plaintiff filed this lawsuit in a New Jersey state court, not a federal court.  Defendants removed the case to federal court.  It should go without saying that a federal district court decision is not binding on a state court.  *See Mid-State Securities Corp. v. Edwards*, 706 A.2d 773, 775 (N.J. App. Div. 1998) ("We disagree, however, that we are bound by decisions of the Third Circuit because New Jersey is located in that circuit.  A state court is not bound by the decisions of lower federal courts"); *see also State v. Burnett*, 755 N.E.2d 857, 862 (Ohio 2001) ("we are not bound by rulings on federal statutory or constitutional law made by a federal court other than the United States Supreme Court").  Defendants have not pointed this Court to, and the Court has not identified, any *binding* appellate authority from the Appellate Division of the New Jersey Superior Court or the New Jersey Supreme Court finding or holding that an out-of-state defendant could not be subject to personal jurisdiction based on the existence of a remote-work employee based in New Jersey.  However, Plaintiff has correctly pointed out that there is persuasive New Jersey authority suggesting that an out-of-state defendant could be subject to personal jurisdiction based on the existence of a remote-work employee based in New Jersey.  (*See* Doc. 26-2, *Bosket v. Inverse Medical, LLC, et al.*, No. MID-L-004451-23 (N.J. Sup. Ct. Nov. 17, 2023 (denying motion to dismiss for lack of personal jurisdiction when the plaintiff, among other things, "performed her duties for Defendant's (sic) remotely while living in New Jersey and the Defendants were aware of this").)

While *Crosson* and *Higgins* are certainly persuasive, the New Jersey Superior Court was not bound to follow these cases. Since there is no binding authority in New Jersey state court, the New Jersey Superior Court could have followed *Crosson*/*Higgins* or it could have decided that jurisdiction was proper.³

Accordingly, Plaintiff had a good faith basis to file in the New Jersey Superior Court. *See, e.g.*, *Dilliard v. Thomasville Auto Sales, LLC*, 221 F. Supp. 3d 677, 684 (M.D.N.C. 2016) ("Likewise, *Larrabee* did not render Dillard's argument frivolous. That case was decided by another district court and affirmed in a short, unreported opinion. It thus is not binding precedent and only informs this court's decision insofar as this court finds its reasoning persuasive"); *Connons & Co. v. McKinley Capital Mgmt.*, No. 1:08-CV-2744-BBM, 2009 U.S. Dist. LEXIS 138377, at *6 (N.D. Ga. Aug. 28, 2009) ("None of these cases constitute controlling precedent that would render McKinley's appeal frivolous"). For all these reasons, the Court declines to issue sanctions under § 1927.⁴ *See Chrimar Sys. v. Foundry Networks, Inc.*, 976 F. Supp. 2d 918, 927 (E.D. Mich. 2013) ("There is a difference between advancing a losing argument and in prosecuting a frivolous case. Here we have the former, not the latter").

---

³ Indeed, there is persuasive federal case law that Plaintiff could have relied upon to oppose Defendants' personal jurisdiction argument. *See Halpern v. Centroid Sys.*, No. 2:24-cv-07037, 2024 U.S. Dist. LEXIS 190609, at *17 (D.N.J. Oct. 21, 2024) (denying motion to dismiss and observing that "[t]he Court's decisions in cases like *Tripp* [*v. Ascentage Pharma Grp. Int'l*, 2023 U.S. Dist. LEXIS 147949 (D.N.J. Aug. 23, 2023)] and *Crosson* reflect the fact that remote employment of a New Jersey resident, *without more*, typically does not constitute sufficient contact with the forum to satisfy due process"); *see also Fennell v. Innovative Mgmt. Concepts, Inc.*, No. 25-1062-TDC, 2025 U.S. Dist. LEXIS 214650, *9–11 (D. Md. Oct. 30, 2025) (citing conflicting authority and stating that "[t]he issue of whether employment of a remote worker can demonstrate purposeful availment and thus support personal jurisdiction has not yet been definitively resolved").

⁴ Because the Court finds that sanctions inappropriate under § 1927, the Court declines to address Plaintiff's arguments that sanctions "cannot be applied to an initial pleading" and that Defendants failed to mitigate. (Doc. No. 26, PageID #70, 74.)

### B. The Court will not issue sanctions pursuant to its inherent authority

Unlike sanctions under Section 1927, the court may only assess fess under its inherent authority "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons, or when the conduct is tantamount to bad faith." *Metz v. Unizan Bank*, 655 F.3d 485, 489 (6th Cir. 2011) (internal citations and quotations omitted). To issue sanctions under its inherent authority, the district court must find "(1) that the claims advanced were meritless, (2) that counsel knew or should have known this, and (3) that the motive for filing suit was for an improper purpose such as harassment." *United States v. Llanez-Garcia*, 735 F.3d 483, 492 (6th Cir. 2013) (quoting *United States v. Aleo*, 681 F.3d 290, 305 (6th Cir. 2012)). "The mere fact that an action is without merit does not amount to bad faith." *Metz*, 655 F.3d at 489 (quoting *BDT Prods. v. Lexmark Int'l, Inc.*, 602 F.3d 742, 753 (6th Cir. 2010)). Rather, "the court must find *something more* than that a party knowingly pursued a meritless claim or action at any stage of the proceedings." *Id.* (quoting *BDT Prods.*, 602 F.3d at 753) (emphasis in original). Examples include withholding material evidence, delaying or disrupting the litigation, or hampering enforcement of a court order. *See id.* (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 46 (1991); *First Bank of Marietta v. Hartford Underwriters Ins. Co.*, 307 F.3d 501, 523, n.18 (6th Cir. 2002); *Big Yank Corp. v. Liberty Mut. Fire Ins. Co.*, 125 F.3d 308, 314 (6th Cir. 1997)).

The Court finds that sanctions are not appropriate pursuant to its inherent authority. Given that Plaintiff's counsel had a good faith basis to file the Complaint in the New Jersey Superior Court, the Court finds that Plaintiff's counsel did not act in bad faith, vexatiously, wantonly, or for oppressive reasons. Further, the Court finds that Plaintiff's counsel's conduct was not tantamount to bad faith. Finally, the Court finds that Plaintiff's counsel's decision to initiate this lawsuit in New

Jersey state court was not meritless and that the motive for doing so was not for an improper purpose such as harassment.

In so finding, the Court rejects Defendants' contention that Plaintiff's counsel "conceded" that he "knowingly brought this lawsuit in a court that lacked jurisdiction" when "he failed to present any argument in support of the Court's personal jurisdiction and instead acknowledged the Crosson decision." (Doc. No. 25-1, PageID #59.) Removal was outside Plaintiff's control. Plaintiff's counsel would have no way of knowing that if Defendants removed the case, as they did here,[5] that the case would be assigned to Judge Quraishi. Once apprised of Defendants' intentions to move to dismiss under *Crosson*, within one week, Plaintiff promptly consented to jurisdiction in Ohio. (*See* Doc. Nos. 7, 11.)

Ultimately, this decision saved the parties further costs. Plaintiff represented that it believed the District of New Jersey had jurisdiction over Defendants. (Doc. No. 11.) Nothing would have prevented Plaintiff from opposing Defendants' personal jurisdiction argument even in the face of *Crosson* as that decision was not even binding on Judge Quraishi. As this Court previously observed, "[a] decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." *Lafleur v. Yardi Sys., Inc.*, 765 F. Supp. 3d 640, 652 (N.D. Ohio 2025) (quoting 18J James W. Moore et al., *Moore's Federal Practice* § 134.02[1][d] (3d ed. 2011)) (Barker, J.). While opposing Defendants' arguments before Judge Quraishi was potentially a losing argument, such argument could have been made in good faith notwithstanding *Crosson*. Accordingly, the Court finds that Plaintiff's decision to consent

---

[5] Removal was not a guarantee when Plaintiff filed its case in state court. *See Kelly v. Union Elec. Co.*, No. 07-04210-CV-C-NKL, 2008 U.S. Dist. LEXIS 425, at *6 (W.D. Mo. Jan. 3, 2008) ("a defendant may, but does not have to, remove to federal court"); 28 U.S.C. § 1441(a) ("any civil action . . . *may* be removed").

to jurisdiction was made in good faith and had the effect of minimizing costs.

For all the reasons stated herein, the Court declines to issues sanctions pursuant to its inherent authority.

### III. Conclusion

For the reasons set forth herein, Defendants' Motion (Doc. No. 25.) is DENIED.

**IT IS SO ORDERED.**

Date: November 26, 2025

*s/ Pamela A. Barker*
PAMELA A. BARKER
U.S. DISTRICT JUDGE